Dwain A. SHIPMAN, Appellant,

v.

CITIZENS SAVINGS & LOAN ASSOCIATION, Appellee.

No. 4855.

Court of Civil Appeals of Texas, Eastland.

Jan. 15, 1976.

Rehearing Denied Feb. 5, 1976.

O. Glenn Weaver, Tabor, Fowler & Cline, Irving, for appellant.

George Watson, Grand Prairie, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case involving a secondary mortgage loan. Dwain A. Shipman sued Citizens Savings and Loan Association alleging violations of Article 5069, Sections 5.02(5), 5.03(3), 5.04(1), V.A.C.S. and seeking recovery of twice the amount of interest contracted for and reasonable attorney's fees under Article 5069–8.01, V.A.C.S. Shipman also alleged negligence and estoppel. Both plaintiff and defendant filed motions for summary judgment. Citizens' motion was granted; Shipman's denied. Shipman appeals. We reverse and remand.

Shipman argues the trial court erred (1) in denying his motion for summary judgment, (2) in granting Citizens' motion because it was not established as a matter of law Citizens did not violate the provisions of Article 5069–1.01 et seq. V.A.C.S., and (3) in granting Citizens' motion because there existed issues of material facts regarding the allegations of negligence and estoppel.

Dwain A. Shipman, to finance improvements on his home, executed a Mechanic's and Materialman's Lien Note to C. R. Shipman. The obligation was assigned to Citizens and at the time of the assignment, Dwain Shipman requested that the loan be covered by Credit Life and Credit Disability Insurance. Approximately two years later, after becoming disabled, Shipman discovered that he was not covered by Credit Disability Insurance and instituted the instant suit.

He contends: the Mechanic's Lien Note which he signed included a provision providing for attorney's fees if placed in the hands of an attorney for collection, thus violating Section 5.02(5); Citizens failed to furnish a written statement showing the names and addresses of the lender and borrower, thus violating Section 5.04(1); and the loan being conditioned upon the obtaining of Credit Life Insurance, Citizens failed to supply the statement required by Section 5.03(3). Shipman seeks double the interest contracted for and attorney's fees as provided by Section 8.01.

We cannot hold as a matter of law that Section 5.03(3) has or has not been violated. This section provides in part:

"When insurance is required in connection with a loan made under this Chapter, the lender shall furnish the borrower a statement which shall clearly and conspicuously state that insurance is requested or required in connection with the loan, and that the borrower shall have the option of furnishing the required insurance either through existing policies of insurance owned or controlled by him or of procuring and furnishing equivalent insurance coverages through any insurance company authorized to transact business in Texas . . . ."

The summary judgment proof includes a Loan Approval and Information Sheet of Citizens Savings and Loan Association which stated the loan was subject to compliance with special conditions as stated upon it and failure to comply would void the loan. Listed as a special condition was Credit Life Insurance. The Affidavit of Dwain A. Shipman stated in part:

"In the process of making application for the loan from Citizens Savings & Loan Association, I did not communicate to any officer or employee of Citizens Savings & Loan Association my desire to obtain or not obtain credit life insurance coverage in connection with such loan. No officer or employee of Citizens Savings & Loan Association ever mentioned such insurance coverage to me prior to my execution of the loan papers. I did not receive a statement from Citizens Savings & Loan stating that insurance was requested or required, or that I had an option to furnish such insurance from other sources."

The Disclosure Statement signed by Shipman for Citizens Savings & Loan Association contained the clause:

"Credit Life and Disability Insurance is not required to obtain this loan."

Our Supreme Court in *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.

1970), stated the rule to be followed in rendering or affirming a summary judgment as follows:

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

And in *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.1965), announced:

"The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Tigner v. First Nat'l. Bank,* 153 Tex. 69, 264 S.W.2d 85, (1954); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. *Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19 (Tex.Sup.1963); *Smith v. Bolin,* 153 Tex. 486, 271 S.W.2d 93 (1954)."

■ We hold a material fact question exists as to whether there was a requirement of Credit Life Insurance in connection with the loan. If insurance was required, compliance with Section 5.03(3) was a necessity otherwise no.

The contentions of Shipman as to the alleged violations by Citizens of Sections 5.02(5) and 5.04(1) must fail.

Section 5.02(5) in part provides:

"No further or other charge . . . shall be directly, or indirectly, charged, contracted for, or received."

There being no default on the Mechanic's Lien Note and no suit thereon, no attorney's fees have been *charged* or *received* by Citizens.

■ We hold the prohibition in the statute for other and further charges *contracted for* means the creation or bringing into existence of further or other charges. *Schwab v. Schlumberger Well Surveying Corporation,* 145 Tex. 379, 198 S.W.2d 79 (Tex.1946). The provision providing for attorney's fees in the event of default was contained in the Mechanic's Lien Note as contracted between Dwain A. Shipman and his father, C. R. Shipman. Citizens was not a party to that contract and should not be liable since it did not *contract for* any attorney's fees.

The portion of Section 5.04(1) which Shipman contends Citizens has violated states:

"When a secondary mortgage loan is made under the authority of this Chapter, the lender shall deliver to the borrower . . . a statement in writing in the English language showing the following information:

(a) The names and addresses of the borrower and of the lender."

This section also includes the following language:

"If the note or loan contract shows the information required above, a copy of such note or loan contract may be delivered rather than a separate statement."

The summary judgment proof establishes receipt by Shipman of the note and loan contract which contained the information required under Section 5.04(1).

It is unnecessary to consider the other points of error.

The judgment is reversed and the cause is remanded.