# Finance Company of Pennsylvania v. Edward J. Hanlon and Edward J. Madden.

1. JUDGMENTS—*When They Must be Against all the Defendants or None.*—The rule is inflexible that in an action on a contract against two or more, where all are served with process, judgment must go against all or none, for as a contract is indivisible, so is the judgment thereon.

2. APPEALS AND ERRORS—*A Party May Have a Judgment in His Own Favor Reversed.*—A party may prosecute a writ of error to reverse a judgment in his own favor.

3. SAME—*A Judgment Can Not be Reversed as to One of Two Joint Defendants and Remain Good as to the Other.*—In a suit on an alleged joint liability against two defendants, judgment was rendered in favor of one of the defendants, on the verdict of a jury, and against the other by default. *Held*, on appeal by plaintiff, that the judgment must be vacated as to the defaulted defendant; that being erroneous as to one it was erroneous as to both of the defendants, and that it could not be reversed as to one party and remain good as to the other.

4. NEW TRIALS—*In Favor of the Party Responsible for the Error Complained of.*—A party should not be allowed a new trial on account of error committed at his own instance, and which the trial court has been given no opportunity to correct, unless some substantial reason therefor appears.

5. APPELLATE COURT PRACTICE—*Directions to Trial Court to Enter Judgment.*—Where no error had intervened up to and including the overruling of an appellant's motion for a new trial the proper practice is to reverse a judgment improperly rendered and to remand the cause with instructions to enter the proper judgment.

**Assumpsit,** on the common counts. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1897. Reversed and remanded with directions. Opinion filed April 8, 1898.

ULLMANN & HACKER, attorneys for plaintiff in error.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for defendant in error Edward J. Madden.

MR. JUSTICE FREEMAN DELIVERED THE OPINION OF THE COURT.

This was an action on the common counts charging the

Finance Co. of Pennsylvania v. Hanlon.

defendants with joint liability. Summons was served upon the defendant Madden, April 3d, and upon Hanlon April 12, 1894. The latter not appearing, he was duly defaulted. The defendant Madden appeared, and in addition to the general issue and *nul tiel* corporation, filed a plea denying joint liability. Issue was joined upon these pleas, and upon the second trial a jury found the issues for the defendant Madden. A motion for a new trial was overruled, and judgment for costs entered against appellant. The same date, on appellant's motion, an order defaulting defendant Hanlon was again entered of record, and damages assessed against him for the full amount of the appellant's claim.

Appellant now sues out a writ of error upon this record, and asks a new trial upon the ground that the action having been brought upon an alleged joint contract, judgment should have been entered against both of the defendants or against neither. In other words, appellant's counsel having been defeated in the effort to hold Madden jointly liable with Hanlon upon a trial of the merits, and not pretending that there was error in that part of the record, seek to obtain a new trial of those issues, because, as they allege, error was committed by the court below in entering judgment in their favor, upon their motion against the co-defendant Hanlon, who made no defense.

The attention of the court below has never been called to the error into which it was led by appellant's counsel, and no opportunity given it to make the proper correction. The judgment in favor of Madden correctly followed the verdict of the jury, upon the overruling of appellant's motion for a new trial. The error committed was that the judgment was not in favor of both defendants, and that the court heard evidence and assessed damages against Hanlon, who made no defense, upon an alleged joint liability, which a jury had found and the court had adjudged not to exist. This error the parties are entitled to have corrected. The judgment must be vacated as to Hanlon, and being erroneous as to one, it is erroneous as to both of the defendants. It can not be reversed as to one party and remain good as to the other. Claflin v. Dunne, 129 Ill. 241.

"The rule is inflexible that in actions on contract against two or more, where all are served with process, judgment must go against all or none, for, as a contract is indivisible, so is the judgment thereon." Faulk v. Kellums, 54 Ill. 188.

And a party may reverse a judgment in his own favor. Thayer, Aldrich & Co. v. Finley, 36 Ill. 262; Kingsland v. Koeppe, 137 Ill. 344.

Appellant, however, should not be allowed a new trial in consequence of error committed at its own instance (Glennon v. Britton, 155 Ill. 239, and case there cited), and which the trial court has been given no opportunity to correct, unless some substantial reason therefor appears. No such reason is shown by this record. No error had intervened up to and including the overruling of appellant's motion for a new trial, and there is no occasion for a *venire de novo*. The proper practice, therefore, is to reverse the judgments improperly rendered, and to remand the cause with instructions to enter the proper judgment. Meyer v. Village of Teutopolis, 131 Ill. 552; McNulta v. Ensch, 134 Ill. 46.

The judgments of the Circuit Court are reversed, and the cause remanded, with directions to that court to enter judgment upon the verdict of the jury in favor of both defendants, unless appellant shall elect to dismiss as to defendant Hanlon. In that case, judgment will be entered in favor of the remaining defendant. The costs of the appeal in this court will be taxed against appellant.

Reversed and remanded with directions.