Delaware & Hudson Canal Co. v. Socha.

---

## Delaware & Hudson Canal Company and Crescent Coal & Mining Company, v. Pioter Socha and Adam Skrzydlewski, Adm'r.

1. JUDGMENTS—*Not to Be Reversed as to One and Affirmed as to Another.*—A judgment is a unit as to all of the defendants against whom it is rendered, and can not be reversed as to one or more of them and affirmed as to the others; if erroneous as to one it is erroneous as to all.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendants. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed October 21, 1898.

ULLMANN & HACKER, attorneys for appellants.

BRANDT & HOFFMANN, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

In the view we take of this case no extended statement of facts is necessary. The deceased was shoveling coal in the hold of a vessel from which a cargo of coal was being discharged, in the city of Chicago. The coal was being hoisted from the vessel and put upon the dock by machinery. In doing this a heavy bucket, called by reason of its shape, a "clam shell," was lowered into the vessel, filled with coal, then hoisted out and emptied upon the dock. The employe who controlled the lowering and hoisting is called the "hoister." At one of the times when the clam shell was lowered into the hold of the vessel the deceased was struck by it and killed. Verdict and judgment were for appellees. Unless this judgment can be sustained as to both the appellants, it must be reversed as to both. Finance Co. v. Hanlon et al., 75 Ill. App. 188. In Street R. R. Co. v. Morrison, 160 Ill. 288, 295, the rule is stated thus: "It is also a rule applicable to trespass, as well as to all other actions at law, either for torts or upon contracts, that the judgment is a unit as to all of the defendants against whom it has been rendered, and can not be reversed as to one or more of them and affirmed as to the others, but if erroneous as to one is erroneous as to all. 1 Chitty's Pleading, 86; McDonald v. Wilkie, 13 Ill. 22; Jansen v. Varnum, 89 Id. 100; Ragor v. Kendall, 70 Id. 95; Claflin v. Dunne, 129 Id. 241.

The testimony is not sufficient to sustain the verdict and judgment against appellant, the Crescent Coal & Mining Company. The only testimony tending to show any liability on the part of that company is that of two witnesses who were at the time engaged with deceased in shoveling, and who swore that they were working for both the appellants, except the testimony, which is undisputed, that the sign on the dock had thereon the names of both of the appellants.

Frank Pendlick, one of these two witnesses, said that he had worked at the coal yard where the accident happened

all that summer prior to the accident, which occurred October 31, 1894. Going to the record we find that his testimony in full upon this point is as follows:

"Q. Whom were you working for there? A. For the companies.

"Q. What companies? A. The Delaware & Hudson Canal Company.

"Q. What other company? A. The Crescent Coal & Mining Company."

Again going to the record, we find the testimony of Pioter Socha, the other one of these two witnesses, who was a brother of the deceased, in full upon this point to be as follows:

"Q. Who were you working for? A. For the company.

"Q. What company? A. The Delaware & Hudson Canal Company.

"Q. Any other company? A. The Crescent Coal & Mining Company.

"Q. How long had you worked for these companies at that dock before the defendant, Socha, got killed? A. A year."

Called as a witness by appellants, Walter S. Boyle testified that he was, at the time of the accident, sales agent in Chicago, and had charge of the business there of the appellant, the Delaware & Hudson Canal Company; that the coal which was being unloaded belonged to that company; that that company unloaded the boat and paid the help; and that that company owned and controlled the dock and coal yard where this vessel was being unloaded. He also testified that he was at that time president of the appellant, the Crescent Coal & Mining Company, and that it had no coal on that dock.

Crist Ellis, the hoister, by reason of whose negligence or carelessness, as it is claimed by appellees, the injury was caused, testified that he was working for the Delaware & Hudson Canal Company. The foreman, the engineer, and one or more of the workmen testified that they were in the employ of the Delaware & Hudson Canal Company. The

superintendent of the dock testified that the hoister, Crist Ellis, was in the employ of that company.

When carefully considered, the testimony of appellees' two witnesses is not necessarily in conflict with the testimony of the other witnesses. Neither of them states specifically that the coal which was being unloaded belonged to the Delaware & Hudson Canal Company, or that he was working for that company that day or upon that vessel. When asked who they were working for—or working for there—they both at first replied, for the Delaware & Hudson Canal Company. Then when asked for what other company, they both said the Crescent Coal & Mining Company. These questions were in immediate connection with the inquiry of them as to how long they had worked there, one replying that he had worked there all that summer, and the other for a year. Neither of them spoke the English language, but were examined through an interpreter. Quite likely the Crescent Coal & Mining Company may have had coal unloaded upon that dock, and that these witnesses had worked for that company in unloading coal there, although there is no such testimony.

It does not follow, as argued by appellees, that "the signs would not have been there if both companies had not been interested in the coal" then being unloaded. Neither of the appellants can be held to be responsible for the injury complained of, except upon the doctrine of *respondeat superior*. The evidence is uncontradicted and conclusive that Ellis, the hoister, through whose carelessness it is claimed the injury was caused, was not in the employ of the Crescent Coal & Mining Company.

There is no theory or basis apparent to us, upon which the appellant, the Crescent Coal & Mining Company, can be held responsible for the death of John Socha, under the testimony in this record. As the case must be remanded for another trial, we do not deem it proper to express any opinion as to the liability of the Delaware & Hudson Canal Company under the testimony of this record.

The judgment of the Superior Court is reversed and the cause remanded.