# Henry W. Hoyt and Henry J. Edwards v. Emilie Hasse.

1. CORPORATIONS—*Section 18 of the Act Concerning Corporations to be Strictly Construed.*—The provisions of Section 18 of Chapter 32, R. S., concerning corporations, providing that if any person or persons act as, or pretend to be, officers or agents, or boards of directors, of any stock corporation, or pretended stock corporation, without complying with the provisions of the act, before all stock named in the articles of incorporation shall be subscribed in good faith, they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such pretended corporation, should be interpreted according to their plain and obvious meaning, and not extended by construction so as to embrace cases not clearly within the terms of the statute.

2. STATUTES—*Construction of Section 16 of the Act Concerning Corporations.*—Section 16 of Chapter 32, R. S., entitled "Corporations," making directors assenting to indebtedness of a corporation in excess of the amount of its capital stock liable for such excess, imposes a burdensome liability upon such officers for their wrongful acts, and should be considered a penal statute in the sense that it should be strictly construed.

3. DIRECTORS—*Liability Under Section 18 of the Act Concerning Corporations.*—Section 18 of the act concerning corporations does not render directors liable for debts contracted by their predecessors in office.

4. PARTNERS—*Individual Liability for Debts Previously Incurred.*—A partner in a copartnership firm is not liable for debts incurred by the firm previous to his having become a partner.

5. QUESTION OF FACT—*Giving a Note in Payment as Evidence of a Pre-existing Debt.*—The question as to whether a note is taken in payment of a pre-existing debt is one of fact for the determination of the jury.

6. INSTRUCTION—*Usurping the Province of the Jury.*—An instruction which excludes from the consideration of the jury any matter material to the determination of the questions at issue is erroneous.

**Suit to Charge Defendants with a Violation of Sec. 18 of Chap. 32, R. S.**—Trial in the Circuit Court of Cook County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed February 9, 1899.

HAWLEY & PROUTY, attorneys for Henry W. Hoyt, appellant.

Appellant Henry W. Hoyt did not make, or participate

in making, the debt for the discovery of which the judgment appealed from was rendered. The entire transaction was *res inter alios acta*.

In order to charge a director of a *de facto* corporation with personal liability for a debt of the corporation, under section 18 of the general act concerning corporations, some active agency or participation by the director to be charged, in the transaction by which the debt was created, must be shown.

The statute is as follows : .

" Sec. 18.   If any person or persons being or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act (or) before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation or pretended corporation." 1 Starr & Curtis' Ann. Ill. Stat. (2d Ed.), 1009, Ch. 32, Sec. 18.

This provision remained dormant and practically meaningless to the profession for nearly twenty years after the passage of the act, and until this court in Loverin v. Mc-Laughlin, 46 Ill. App. 373, and later the Supreme Court, in affirming the same case, 161 Ill. 417, by interpolating the word " or " between the words " act " and " before " in the sixth line of the section, gave to it a somewhat startling scope and significance, holding that the omission to file the certificate of complete organization of a corporation created under the general act, in the office of the recorder of deeds of the county in which the principal office of the company was located, as required by section 4 of the act, rendered the directors of the company personally liable for debts made by them, and contracted in the name of the corporation.

This result was arrived at, in part, by construing section 4 of the act, (which provides, among other things, that upon the recording of the certificate of complete organization,

including as a part thereof a copy of all papers filed in the office of the Secretary of State in and about the organization of the corporation, in the office of the recorder of deeds, the corporation shall be deemed fully organized and may proceed to business,) to mean that the corporation is not fully organized, and to prohibit the exercise of corporate powers until after such recording of the certificate, in accordance with the principle of statutory construction that "a provision that certain things shall be done, to constitute a license or authority, is equivalent to an express prohibition against the license or authority unless those things shall be done," and other rules of construction applied in Diversey v. Smith, 103 Ill. 378, and Loverin v. McLaughlin, 161 Ill. 417.

So far as the language of the opinion in the Loverin case (161 Ill. 417) is pertinent to the subject of participation, it fortifies our contention.   In construing section 18 of the act Mr. Justice Magruder, speaking for the court, says :

" That section provides that the officers or directors ' shall be jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation.' *This language presupposes a contract between the creditors and the directors or officers in the name of the corporation.* A contract must be between two parties."    161 Ill. 434.

The obvious scope and meaning of the words "*made by them,*" as employed in reference to directors, officers or agents, and the debts, liability for which is imposed by the section, require that a director or officer should have taken some active part in contracting the debt with which he is sought to be charged under the section.   This view is strongly supported by the analogy of cases arising under section 16 of the act, which provides that " if the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation."   1 Starr & Curtis' Ann. Ill. Stat. (2d Ed.), 1007, Ch. 32, Sec. 16.

It is true the nature of the liability imposed by the latter section is essentially different from that provided by section 18.

While the language of section 18 presupposes a contract between the creditor and directors or officers of the corporation, and there can manifestly be no liability under the section in the absence of a contract, nevertheless the liability is not contractual, but penal. "The creditor's right of recovery is totally unaffected by any actual loss or injury he may have sustained by the failure or neglect of the officers or directors." The fact that the company itself is solvent and abundantly able to pay the debt, does not absolve the directors or officers who made the debt from liability under the section, the object of which is to inflict a punishment for its violation. The liability being penal it is enforceable, therefore, only at law, as equity does not enforce penalties. Loverin v. McLaughlin, 161 Ill. 417; Curtis v. Tracy, 169 Ill. 233.

On the other hand, section 16, while not rendering the contracting of debts in excess of the capital stock of a corporation unlawful, makes the directors assenting to such excess personally and individually liable therefor to the creditors of the company. The liability is contractual, not penal, and is, like that of a surety, *stricti juris*, and does not attach so long as the debt can be made out of the company. The liability is not imposed in favor of some particular creditor, but in favor of all the creditors of the company as a body, and it is enforceable only in a court of equity. Woolverton v. Taylor, 132 Ill. 197; Lewis v. Montgomery, 145 Ill. 30; Horner v. Henning, 93 U. S. 228.

However, the rules of construction applicable to the words "assenting thereto," in the 16th section, and the words "made by them," in the 18th section, as well as the meaning of the two phrases, are essentially the same.

The liability under the former section is *stricti juris*, and under the latter it is penal. In either case the statute is to be strictly construed against those seeking to enforce the liability. The words employed should be interpreted according to their plain and obvious meaning, and should not be extended by construction so as to embrace cases not clearly within the terms of the statute. Lewis v. Montgomery, 145

Hoyt v. Hasse.

Ill. 30; 3 Thompson's Com. on Law of Corp., Sec. 4164; Rorke v. Thomas, 56 N. Y. 559.

In other States, where statutes containing provisions of this character, which impose personal liability on directors for corporate debts, for failing to make reports, or for making false reports, etc., such as the provisions of the New York manufacturing companies act, have been frequently made the subjects of judicial construction, they are regarded as giving creditors cumulative remedies for the collection of corporate debts, and not in any sense as imposing on directors or officers a punishment for an offense against the State, although they are treated as penal in character, in that they tend to conflict with the general policy of acts providing for the formation of corporations, which is, "immunity from personal liability, and also because they subject directors to a burdensome liability," and they are, therefore, strictly construed in all courts.    Garrison v.  Howe, 17  N. Y. 458; Boughton v.  Otis, 21 N. Y. 261; Shaler and Hall Quarry Co. v. Bliss, 27 N. Y. 297; Merchants' Bank of New Haven v. Bliss, 35 N. Y. 412; Miller v. White, 50 N. Y. 137; Rorke v. Thomas, 56  N. Y.  559; Adams v. Mills, 60  N.  Y.  533; Reed v.  Keese, Id.  616; Whitney Arms Co. v. Barlow,  63 N. Y. 62; Wiles v. Suydam, 64 N. Y. 173; Cameron v.  Seaman, 69 N. Y. 396; Jagger Iron Co. v. Walker, 76 N. Y. 521; Losee v. Bullard, 79 N. Y. 404; Pier v. Hammore, 86  N. Y. 95; Gadsden v. Woodward, 103  N. Y.  242; Huntington  v. Attrill, 118 N. Y. 365; Cincinnati Cooperage Co. v. O'Keeffe, 120 N. Y. 603; Diversey v. Smith, 103 Ill. 378; Gregory v. German Bank of Denver, 3 Col. 332; Union Iron Co. v. Pierce, 4 Biss. 327; Steam Engine Co. v. Hubbard, 101 U. S. 188; Attrill v. Huntington, 70 Md. 191; Huntington v. Attrill, 146 U. S. 657; Park Bank v. Remsen, 158 U. S. 337; Moore v. Lent, 81 Cal. 502; Irvine v. McKeon, 23 Cal. 472; Windham Prov. Inst. v. Sprague, 43 Vt. 502.

Section 18 of the act concerning corporations does not render directors liable for debts contracted by their predecessors in office.

The precise question here presented was decided by the

Court of Appeals of the State of New York as long ago as the year 1860, in Boughton v. Otis, 21 N. Y. 261.

The provision of the statute there under consideration was section 12 of the manufacturing companies act of 1848, referred to in a former branch of the argument, and was in the following language:

"Every such company shall annually, within twenty days from the 1st day of January, make a report which shall be published in some newspaper published in the town, city or village, or if there be no newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital, and the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees; and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." 1 Rev. Stat. N. Y. (1852), 1217.

And the question has been ruled the same as in Boughton v. Otis, *supra,* wherever it has arisen. Shaler and Hall Quarry Company v. Bliss, 27 N. Y. 297; Steam Engine Co. v. Hubbard, 101 U. S. 188; Sullivan v. Sullivan Mfg. Co., 24 S. C. 341; Fuller v. Rowe, 57 N Y. 23; McHarg v. Eastman, 7 Robt. (N. Y.) 137; Vincent v. Sands, 11 Abb. Pr. (N. S.) 366, 370; Windham Prov. Inst. v. Sprague, 43 Vt. 502; Austin v. Berlin, 13 Col. 198; Bank v. Hill, 56 Me. 385; 3 Thomp. Com. on Law of Corp., Secs. 4206–4209.

It is a rule, well settled and repeatedly recognized in the Supreme Court of this State, that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly or impliedly agreed to take the note as payment, and to run the risk of its being paid, or unless the creditor parts with the note, or. is guilty of *laches* in not presenting it for payment in due time. Stone and Gravel Co. v. Gates Iron Works, 124 Ill. 623; Belle-

ville Savings Bank v. Bornman, 124 Ill. 200; Jansen v. Grimshaw, 125 Ill. 468, 476; Chisholm v. Williams, 128 Ill. 115; Paddock v. Stout, 121 Ill. 571, 579; Bond v. Liv. & London & Globe Ins. Co., 106 Ill. 654; Walsh v. Lennon, 98 Ill. 27, 31; Wilhelm v. Schmidt, 84 Ill. 183, 187; Yates v. Valentine, 71 Ill. 643; Corrigan v. Reilly, 64 Ill. App. 531; Medley v. Specker Bros. & Co., 58 Ill. App. 157.

A. W. MARTIN, attorney for appellant Henry J. Edwards.

Counsel for appellant Hoyt have so exhaustively discussed the various points involved that it is not necessary for me to enter into a discussion.

The section of the statute attempted to be enforced in this case is a penal statute, and it is a well-settled rule of law that penal statutes are to be construed strictly and are never to be extended by mere implication to either persons or things not expressly brought within their terms.    23 Am. & Eng. Ency. of Law, 375; People, etc., v. Peacock, 98 Ill. 172; Woolverton v. Taylor, 132 Ill. 197; Hankins v. People, etc., 106 Ill. 628.

This rule applies not only to statutes relating to criminal offenses, but also to all statutes which impose as punishment, any penalties, pecuniary or otherwise, or forfeitures of money or other property, or of vested rights, etc., whether such penalties, forfeitures, etc., are to be enforced or recovered at the suit of the State or a private individual.    Hines v. Wilmington, etc., R. R. Co., 95 N. C. 434; Coble v. Shoffner, 75 N. C. 42; Bay City, etc., R. R. Co. v. Austin, 21 Mich. 390; Commonwealth v. Standard Oil Co., 101 Pa. St. 119; Marston v. Tryon, 108 Pa. St. 270; Cole v. Groves, 134 Mass. 471; Hanks v. Brown, 79 Ia. 560, 563; Allen v. Stevens, 29 N. J. Law, 509.

Statutes which impose upon stockholders the liability for corporate debts are to be construed strictly, and not to be extended beyond the plain meaning of the language employed.    Gray v. Coffin, 9 Cush. 192; Dane v. Dane Mfg. Co., 14 Gray, 489; O'Reilly v. Bard, 105 Pa. St. 569; Chamberlain v. Hughenot Mfg. Co., 118 Mass. 532; Mean's Appeal,

85 Pa. St. 75; Moyer v. Pa. Slate Co., 71 Pa. St. 293; Youghi-
ogheny Shaft Co. v. Evans, 72 Pa. St. 331; Chace v. Lord,
77 N. Y. 1.

Statutes which are criminal or penal are not elastic and
can not be made to include cases without the letter, although
within the reason and policy of the law.   Hanks v. Brown,
79 Ia. 560; State v. Lovell, 23 Ia. 304; Bond v. Railway Co.,
67 Ia. 714; Boughner v. Meyer, 5 Col. 71; Shaw v. Clark,
49 Mich. 385; Sundheim v. Gilbert, 18 N. E. Rep. 690.

Interpolation and the insertion of words and exceptional
construction generally, although necessary to effect the evi-
dent intention of the lawmakers, have been forbidden in
acts within the rule of strict construction.   Am. & Eng.
Ency. of Law, Vol. 23, pg. 420; Coe v. Lawrence, 1 El. &
Bl. 516; Thomas v. Stevenson, 2 El. & Bl. 108; S. W. R. R.
Co. v. Cohen, 49 Ga. 627.

CONSIDER H. WILLETT and LOUIS KARCHER, attorneys for
appellee.

As a matter of law the giving of a promissory note is
*prima facie* evidence of a payment of an account for which
such note may be given.

By the introduction of the note the appellee has made
out a *prima facie* case that the account for which the note
was given was paid and merged into such note.   Carroll v.
Holmes, 24 Ill. App. 453.   The acceptance of a promissory
note is *prima facie* the satisfaction and payment of an open
or book account, the antecedent debt for which it is given.
Fridley v. Bowen, 5 Ill. App. 191.

The law is well settled that where the debtor's own nego-
tiable note is taken for a pre-existing debt it is *prima facie*
evidence of payment.   McConnell v. Stettinius, 2 Gil. 707;
Miller v. Lumsden, 16 Ill. 161; Morrison v. Smith, 81 Ill. 221;
2 Greenleaf on Evidence, 492, Secs. 519 and 520; Yates v.
Valentine, 71 Ill. 643; Hough v. Ætna Life Ins. Co., 57 Ill.
318; Belleville Sav. Bank v. Bornman, 124 Ill. 200.

Appellee sued the appellants and Frank E. Barnard,
Austin L. Nestlerode, John W. Hasse and Henry J. Ed-

wards, as directors of the Thompson & Edwards Fertilizer Company, charging them, as such directors, with a violation of section 18 of the general law for the incorporation of private corporations, in exercising corporate powers and using the name of said corporation without complying with the provisions of the law. The jury found the issues for appellee and assessed her damages at the sum of $311.95, and judgment was rendered on the verdict against all the defendants. From this judgment Hoyt and Edwards appealed. No question is raised as to the sufficiency of the pleadings.

The facts are substantially as follows : The certificate of the complete organization of the " Thompson & Edwards Fertilizer Company " was issued by the Secretary of State, January 15, 1886. It appears from its articles of incorporation that its object was " The manufacture and sale of commercial fertilizers;" that its capital stock was $100,000, the number of its shares of stock 1,000 of $100 each, and the location of its principal office, the Union Stock Yards, in Chicago, Cook county, Illinois. A copy of its certificate of complete organization was not filed for record in the office of the recorder of deeds of Cook county, as required by section 4 of the statute. The company became indebted to appellee in the year 1894 and prior years in a considerable amount. The indebtedness consisted partly of money loaned by appellee to the company and partly of wages earned by her husband and two of her sons working for the company, which wages were, by the consent of her husband and sons, credited to her on the company's books, and receipted for to her by the company as cash. The last cash credit to her account on the books of the company is of date December 23, 1894, and it is not claimed that after that date she advanced any money to the company, or that she was entitled to any credit for the wages of her husband or sons. Appellant Edwards was one of the original directors, and appellant Hoyt first became a stockholder in May, 1895, and first became a director June 18, 1895.

January 14, 1897, at a meeting of the board of directors,

A. L. Nestlerode was made general manager of the company. The board then consisted of five directors, three of whom, H. W. Hoyt, A. W. Martin and F. E. Barnard, were present at the meeting. February 27, 1897, at a meeting of the board of directors, Hoyt, Martin, Edwards, Hasse and Barnard being present, the minutes of the meeting of January 14, 1897, were read and approved; also article 12 of the by-laws of the company was so amended as to read as follows:

" The president, vice-president and secretary and treasurer (one person) shall jointly be empowered to buy, sell, mortgage, or lease any real estate and execute deeds therefor. The secretary and treasurer shall be empowered to sign and indorse notes, checks and drafts necessary for the ordinary business of the company; but all such notes, checks and drafts must be countersigned by the general manager."

April 4, 1897, the following note was executed and delivered to appellee:

"$324.00 CHICAGO, Apr. 14, 1897.
Six months after date we promise to pay to the order of Mrs. Wm. Hasse three hundred twenty-four & 3-100 dollars, payable at our office, U. S. Yards, value received, with interest at six per cent after maturity.
THOMPSON & EDWARDS FERTILIZER CO.
F. E. BARNARD,
Secy. & Treas."

" Countersigned:
A. L. NESTLERODE,
Gen'l Manager."

Indorsed thereon is the following:

" Paid on the within note, $24.03."

It was admitted that the appellee is the Mrs. William Hasse named in the note.

When the note was given, F. E. Barnard was secretary and treasurer of the company, and A. L. Nestlerode was its general manager.

It appears from Barnard's testimony that at the time the note was given, the company owed appellee $524.03. He stated that appellee came to him, desiring her money, and says:

" She finally made the proposition that if I would pay
her a portion in cash, and the balance in a note due in six
months, that she could use the note.   I did so, paying her
$200 in cash and $324.03 in a note, closing the account."

MR. JUSTICE ADAMS delivered the opinion of the court.

Section eighteen of the statute, for the violation of which
appellants are sought to be charged, is as follows :

" Section 18.   If any person or persons, being, or pre-
tending to be, an officer or agent, or board of directors,
of any stock corporation, or pretended stock corporation,
shall assume to exercise corporate powers, or use the name
of any such corporation, or pretended corporation, without
complying with the provisions of this act, before all stock
named in the articles of incorporation shall be subscribed in
good faith, then they shall be jointly and severally liable
for all debts and liabilities made by them, and contracted
in the name of such corporation, or pretended corporation."

As construed by the court in Loverin v. McLaughlin, 161
Ill. 417, the section must be read as if the word " or"
occurred next after the word " act " in the section.

The indebtedness of the company to appellee for cash
advanced by her, and the wages earned by her husband and
sons and credited to her as cash, having been incurred before
appellant Hoyt became a director of the company, he can
not be held liable as a director for that indebtedness.   That
indebtedness or liability can not be said to have been made
by him, and to hold him under the statute he must have
participated, at least, in the making of the debt or liability.
Lewis et al. v. Montgomery et al., 145 Ill. 30.

Appellee's counsel admit the correctness of this propo-
sition, saying :   " Appellee does not insist that section
18 of the act concerning corporations renders directors
liable for debts contracted by their predecessors in office."
The contention of appellee's counsel is, that the note was
given and received in payment of the prior indebtedness of
the company to appellee; that such being the case, a new
liability on the part of the company was created, and that
article 12 of the by-laws, as amended February 27, 1897,

authorized the creation of this new liability, in the manner stated. Whether the first proposition is true, is a question of fact; each of the second and third propositions involves merely a question of law. The question of fact, namely, whether the note was given and received in payment, was a question for the determination of the jury. Belleville Savings Bank v. Bornman et al., 124 Ill. 200, 207, and cases there cited.

Appellee's counsel, in their argument, concede this proposition. But the court excluded this question from the jury, as will clearly appear when we come to consider the instructions. This being true, the judgment can not be sustained on the theory of appellee's counsel, based, as it is, on the proposition that there was an agreement that the note should operate as payment. But we can not accede to the proposition that article 12 of the by-laws, as amended February 27, 1897, authorized or contemplated the making an agreement that a note executed to a creditor of the company should operate as payment of the indebtedness evidenced by the note. The part of article 12 relied on as being such authority is as follows:

" The secretary and treasurer shall be empowered to sign and indorse notes, checks and drafts necessary for the ordinary business of the company; but all such notes, checks and drafts must be countersigned by the general manager."

There is no evidence that it was necessary, in the ordinary business of the company, to agree that its notes, executed in consideration of indebtedness previously incurred, should be accepted by its creditors in payment of such indebtedness, and it is matter of common knowledge that this is not necessary in the ordinary course of the business of corporations, and that, on the contrary, it is exceptional and unusual.

It is unnecessary to the decision of the present case to decide the question whether, if the note was given and received in payment of the prior indebtedness of the company to appellee, a new indebtedness or liability, within the meaning of the statute, was thereby created, and on that

Hoyt v. Hasse.

question the court expresses no opinion. The writer, however, is of the opinion that in such case there would be no new liability, within the meaning of the statute. Appellee's counsel contend that appellants are liable as partners, and have discussed that question at considerable length. But even though it should be conceded, as matter of law, that they could be so held, the contention can not prevail, because the evidence shows, without contradiction, that appellant Hoyt did not become a stockholder till May, 1895, or a director till June 18, 1895. The indebtedness to appellee was incurred prior to the year 1895, and it is well settled that a partner in a copartnership firm is not liable for debts incurred by the firm previous to his having become a partner. Story on Partnership (7th Ed.), Sec. 146, *et sequentes*, and notes.

The judgment being a unit, if erroneous as to Hoyt is also erroneous as to Edwards. St. R. R. Co. v. Morrison, etc., Co., 160 Ill. 288, 295, and cases cited; Finance Co., etc., v. Hanlon, 75 Ill. App. 188.

The court gave to the jury, at the request of appellee's counsel, the following instructions:

1. "The jury are instructed, as a matter of law, that if they find from the evidence that the document known as the final certificate of incorporation, commonly called a charter, offered in evidence, was issued by the Secretary of the State of Illinois, for a proposed corporation entitled the 'Thompson & Edwards Fertilizer Company,' and that said charter recites that the principal office of said corporation was to be located in the city of Chicago, in the county of Cook and State of Illinois, and that such final certificate, or charter, was never recorded in the office of the recorder of deeds of said Cook county;

"And, if the jury further find from the records of said alleged corporation, and from the evidence in the case, that the defendants Henry W. Hoyt and Henry J. Edwards were, with other persons, directors of said alleged corporation at the time that Frank E. Barnard, acting as the secretary and treasurer of said alleged corporation, and A. L. Nestlerode, acting as the general manager of said alleged corporation, said Barnard and Nestlerode being authorized to so act by the records of said alleged corpora-

tion, when they so executed, in the name of said corporation, the note sued upon in this case, then, if the jury so find from the evidence, they will find the issues for the plaintiff, and such sum as they find from the evidence is due and unpaid upon the note offered in evidence, together with interest at the rate of six per cent per annum, after maturity."

2. "The court instructs the jury that, if they find from the evidence that at the time when the note was given, it was given in settlement of a book account of the Thompson & Edwards Fertilizer Company, with the plaintiff, such fact will not impeach the consideration of said note; but, if the jury further find that the note was issued in the ordinary course of business of said corporation, and find from the evidence that the charter of said company has never been recorded in the recorder's office of Cook county; and, if the jury further find from the evidence, that at the time when said note was executed, the defendants Henry W. Hoyt and Henry J. Edwards were directors, then they will find against the defendants and in favor of the plaintiff."

3. "The court instructs the jury that, if they find from the evidence that F. E. Barnard, as secretary and treasurer, and A. L. Nestlerode, as general manager of the Thompson & Edwards Fertilizer Company, were authorized by a resolution of that company to execute note of said company; and if the jury further find from the evidence that the charter of the Thompson & Edwards Fertilizer Company was not at that time filed for record in the recorder's office of the county of Cook and State of Illinois, and, if the jury further find from the evidence that at the time said note was given, the defendants Henry W. Hoyt and Henry J. Edwards were, with others, directors of said company, then the jury are instructed to find for the plaintiff and assess the plaintiff's damages at the amount due upon said note, together with interest at six per cent after maturity."

4. "The court instructs the jury, as a matter of law, that the Revised Statutes of the State of Illinois require that when any instrument in writing is recorded in the recorder's office, the recorder shall indorse upon such instrument a certificate of the time (including the hour of the day) when the same was filed for record (which shall be considered the time of recording the same); and if the jury find from the evidence that the charter offered in evidence has not indorsed upon it such certificate, and, if the jury further find from the evidence at the time when the note was

given, it was given in settlement of a book account of the Thompson & Edwards Fertilizer Company with the plaintiff, and that said note was issued in the ordinary course of business of said corporation, at the time it bears date, and the jury further find from the evidence that at the time said note was executed, the defendants Henry W. Hoyt and Henry J. Edwards were directors of said corporation, then the jury will find the issues in favor of the plaintiff and against the defendant."

It is apparent, from inspection of these instructions, that the question whether the note was given and received in payment of the company's indebtedness to appellee was excluded from the consideration of the jury. By the first instruction the verdict is made to depend upon the non-recording of the final certificate in the office of the recorder of deeds of Cook county, and the fact that Barnard and Nestlerode were the acting and authorized secretary and treasurer and general manager of the company when they executed the note, and that appellants Hoyt and Edwards were, at said time, directors. The jury are instructed that, if they find these facts, they will find the issues for the plaintiff. This instruction plainly excludes from the jury's consideration all question as to whether there was an agreement that the note should operate as payment.

Instructions 2, 3 and 4, equally exclude that question from the jury, by authorizing a verdict on proof of other facts.

Instruction 2 authorizes a verdict for appellee, on a finding by the jury that the note was given in settlement of a book account of the company; that it was issued in the ordinary course of business of the company; that the charter has not been recorded, and that, when the note was executed, Hoyt and Edwards were directors.

The instruction assumes that if the note was executed in the ordinary course of business, even though it may have been so executed in consideration of prior indebtedness binding on the company, and without any agreement that it should operate as payment, its execution would be illegal, and if appellants were directors at the time of its execu-

tion, the mere fact that they were such, without proof that either of them participated in any way in making or creating the indebtedness for which the note was given, would make them liable. Such is not the law. To execute a note for indebtedness previously incurred is not to make a debt or liability within the meaning of section 18 of the statute. The language of the section is, " then they shall be jointly and severally liable for all debts and liabilities made by them." Appellee's counsel contend that the section is purely remedial, and must be so construed, but the Supreme Court has held that section 16 of the act, which makes directors assenting to indebtedness of a corporation in excess of the amount of its capital stock liable for such excess, should be construed strictly (Lewis v. Montgomery, *supra*), and the Supreme Court of the United States, in Huntington v. Attsill, 146 U. S. 687, while holding a similar statute not strictly penal, say : " As the statute imposes a burdensome liability on the officers for their wrongful acts, it may well be considered penal in the sense that it should be strictly construed." Ib. 676. In the last case (p. 667), and also in Diversey v. Smith, 103 Ill. 378, 390, it is held that a penal law may also be remedial.

The reasoning by which the conclusion is reached that section 16 should be construed strictly, is equally applicable to section 18, and applying that construction to the latter section, " The words employed should be interpreted according to their plain and obvious meaning, and should not be extended by construction so as to embrace cases not clearly within the terms of the statute." Lewis v. Montgomery, *supra*. By the terms of the statute, liability is imposed on those only by whom the debts or liabilities were made.

We think it too clear to require argument, that the execution by a corporation of a promissory note, for indebtedness long previously incurred, is not the making of or incurring liability for the indebtedness evidenced by the note. The giving of the note is merely a recognition of the validity of the previously incurred indebtedness of the corporation, and a promise to do that which the corporation is

legally bound to do, viz., pay it. In Lewis v. Montgomery, *supra*, it was held, in respect to section 16, that to make the directors liable, it must appear that they assented to the creation of indebtedness in excess of the amount of the capital stock, and the court, after so holding, said:

"Manifestly, a recognition of the indebtedness by the directors after it has been so contracted as to become binding upon the corporation, should not have the effect of charging them with this statutory liability. After the indebtedness has been created by such agents and in such manner as to constitute it a valid obligation of the corporation, it becomes the duty of the directors to recognize its validity, and, so far as in their power, provide for its payment."

This language is equally applicable to section 18. Instruction 2 is also erroneous in assuming that appellants would be liable for the wrongful act of another officer or agent of the corporation, solely on the ground that they were directors at the time the act was performed. This view is expressly repudiated in Lewis v. Montgomery, *supra*.

We can not approve of a single instruction given for the appellee, our opinion being that they are all erroneous. The only other instruction given was a modification of an instruction asked by appellant Edwards, and related solely to the necessity of proof of appellee's case by a preponderance of the evidence.

Counsel for appellant, at the close of the plaintiff's evidence, requested the court to instruct the jury to find the issues for the defendant Hoyt, and presented to the court a written instruction so directing the jury, which instruction the court refused to give. Appellant Hoyt asked for no other instruction. We are of opinion that the instruction asked by appellant Hoyt at the close of all the evidence should have been given.

The judgment will be reversed and the cause remanded.