### GUERRA v. CONTRERAS et al.
### No. 8737.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 17, 1932.

Rehearing Denied March 16, 1932.

Hill & Greer, of Mission, for appellant.

Roy Buckley and G. F. Dohrn, both of Mission, for appellees.

SMITH, J.

This action was brought by Jose A. Contreras against Logan Duncan, F. D. Guerra, E. Owen Scott, Al Graham, and Mission Motor Sales Company, alleged to be a corporation operating in the city of Mission, Hidalgo county.

Contreras alleged upon information and belief that the individual defendants were officers and directors of the motor sales company, that said corporation was long since dissolved, and that the individual defendants were liable by reason of their said relation to said defunct corporation.

It was alleged and proved that the charter of said corporation was forfeited by the Secretary of State on July 3, 1922, and presumably was never revived.

It was alleged and proved that on November 15, 1926, said corporation, "acting by and through said Logan Duncan, its agent," contracted to sell Contreras a certain half lot, owned by the corporation, in the town of Mission, for the sum of $500, which Contreras paid to Duncan in due course. When Contreras demanded a deed to the property, it developed that it had been previously sold by the sheriff at a tax sale, and title could not be delivered to Contreras, who brought this suit to recover the purchase price paid by him to Duncan.

No one answered for the defunct corporation, and the individual defendants Graham and Scott defaulted. Defendant Duncan answered by general and special demurrers, general denial, and special answer to the effect that "the contract declared upon was executed by him as agent of and for the Mission Motor Sales Company, a corporation which this defendant then and there believed was properly and duly organized, qualified and existing, and that the said F. D. Guerra was advised of the making of said contract, and authorized same before this defendant executed said contract." Defendant Guerra answered denying any knowledge of or consent to the contract sued on, or any participation in the proceeds of the sale, and prayed for judgment

over against Duncan for any judgment rendered against him.

Upon a trial judgment as prayed for was rendered against all the individual defendants, in their "capacities as surviving directors and liquidating trustees of the" defunct corporation "in so far as the assets of said corporation may satisfy such judgment," and personal judgment was rendered against Duncan and Guerra, individually. Guerra was denied any relief upon his cross-action against Duncan. Guerra alone has appealed. Appellee has filed no brief in the case.

The record in the case is unsatisfactory in all its aspects, but as none of the defendants other than Guerra excepted to the judgment or appealed therefrom, the judgment against them must necessarily stand.

Appellee based his cause of action solely on the provisions of article 7091, R. S. 1925, in which it is provided that: "Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

■ The proof is positive and undisputed that the debt here sued on was created or incurred wholly without the knowledge, approval, or consent of Guerra, who received none of the funds sought to be recovered by appellee, unless it may be inferred from the record that he received an undetermined pro rata thereof as a stockholder in the defunct corporation, if there was ever any distribution of assets among the stockholders—a fact not inferable from the record.

Appellee having failed to show that the debt upon which he seeks to recover of Guerra was "created or incurred, with" the latter's "knowledge, approval and consent," he was not entitled to such recovery.

The judgment against appellant Guerra will be reversed and the cause as to him remanded, but in the absence of complaint by any of the other parties, the judgment as to them must be affirmed.

Reversed and remanded in part, and in part affirmed, at the cost of appellee.

## On Motion for Rehearing.

■ The judgment appealed from is so indefinite and incomplete as to be incapable of specific enforcement. It is first decreed therein that appellee recover an unnamed amount from each of the four defendants "in their capacities as surviving directors and liquidating trustees of the Mission Motor Sales Company, a defunct corporation, insofar as the assets of said corporation may satisfy said judgment." The record does not disclose the amount of the assets of said corporation, nor does it provide any method of ascertaining the amount thereof, or any process or authority for assembling, liquidating, or subjecting the same to the satisfaction of the judgment. The judgment is therefore unenforceable.

It should be added that there is no evidence in the record that the defendants Graham or Scott were ever at any time directors, officers, or stockholders in said corporation, or otherwise in any manner connected therewith, and the judgment against them is wholly without warrant.

■ The personal judgment against Guerra and Duncan is or should be enforceable only after the primary liability of the officers and directors of the corporation is exhausted by the application of the corporate assets towards the satisfaction of the judgment, since Guerra's and Duncan's personal liability is secondary to their joint liability with the other officers and directors in their official capacities.

We have concluded that the judgment as written cannot and should not be enforced, and it will therefore be reversed and the cause remanded for another trial upon the merits as to all parties. This action is taken upon the court's own motion, and as the specific relief asked by the parties in their motions for rehearing cannot be granted, those motions will be overruled.