## GROCE–PARRISH CO. v. YAKEY et al.
### No. 9539.

Court of Civil Appeals of Texas.
San Antonio.
April 3, 1935.

Linebaugh & Guittard, of Victoria, for appellant.

H. S. Bonham and J. A. Wood, both of Corpus Christi, and Perkins & Floyd, of Alice, for appellees.

MURRAY, Justice.

Appellant, Groce-Parrish Company, instituted this suit against Will Phillips, H. G. Yakey, and J. C. Mrazek seeking to recover the sum of $4,462.09, being the amount of an account, together with interest, alleged to be due appellant for goods furnished by it to the Agua Dulce Supply Company, a corporation.

Phillips, Yakey, and Mrazek were the directors of the Agua Dulce Supply Company. The right of this corporation to do business in the state of Texas had been forfeited, for failure to pay its franchise tax, prior to the creation of the debt herein sued on, and appellant bases its right to recover upon the provisions of article 7091, R. S. 1925.

The trial was to the court without the intervention of a jury and resulted in judgment for appellant against Phillips for the sums sued for, but recovery was denied as to Yakey and Mrazek.

The Groce-Parrish Company has prosecuted this appeal, and has named only Yakey and Mrazek as appellees; thus the judgment below became final as to Phillips.

Article 7091, R. S. 1925, provides, in part, as follows: "Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

The evidence clearly shows that Phillips was the principal stockholder of the Agua Dulce Supply Company, and that the indebtedness herein sued on was incurred with his knowledge, approval, and consent; therefore, the judgment against him was unquestionably proper. It is equally clear ,that Yakey and Mrazek did not have actual knowledge of the creating of this account. Appellant's contention is that they should be charged with knowledge of the same, as they could, or should, have known of the creating of this account, if they had properly discharged their duties as directors of the Supply Company. We cannot agree with this contention. The trial judge, in its findings of fact, found, among other things, that Yakey and Mrazek had no knowledge of the creation of this account and never approved or consented to the same. The court further found that Yakey and Mrazek did not fail to exercise ordinary care under the circumstances in failing to actively act as directors in conducting this business. These findings by the trial court are supported by the evidence and are, therefore, binding upon this court. It therefore follows that appellees, having no knowledge of the incurring of this account and not being guilty of negligence in the discharge of their duties as directors of the Supply Company, cannot be held to be personally liable for this account.

Furthermore, article 7091, supra, not only requires that a director of a corporation,

which has had its permit to do business forfeited, must have knowledge of the incurring of an account before he will be personally liable therefor, but it also provides that such an account must have been incurred with his approval and consent. There is not here any suggestion that appellees ever approved or consented to the incurring of this account. There are many cases holding that under certain circumstances "knowledge" may be imputed to a person, but it would be going a long way to impute "consent" and "approval" in the absence of actual knowledge.

The statute uses the three words, "knowledge," "consent," and "approval," and it must have been intended that each word should have some meaning. If we accept the argument of appellant, it would give to this statute the meaning that directors of a corporation whose right to do business has been forfeited, are personally liable for all debts incurred after such forfeiture. In other words, it would be the duty of such a director to know what debts are being created, and this being his duty he would be charged with constructive knowledge where he does not have actual knowledge and this constructive knowledge would carry with it the inference that he had consented to and approved the incurring of such debts. We cannot accept this contention but, on the contrary, conclude that the statute means actual knowledge, consent, and approval.

Accordingly, the judgment of the trial court will be in all things affirmed.