**B. R. SHEFFIELD, Jr., Appellant,**

v.

**C. A. NOBLES, Appellee.**

**No. 11175.**

Court of Civil Appeals of Texas.

Austin.

April 22, 1964.

Davee & Davee, Brady, for appellant.

Lee & Lee, Mason, McCollum & Townsend, Brady, for appellee.

HUGHES, Justice.

This is an appeal from a judgment rendered upon stipulated facts.

The question presented is the personal liability, vel non, of B. R. Sheffield, Jr., appellant, for the debts of Heart o' Texas Supply Company, a Texas Corporation, incurred when the right of such corporation to do business had been forfeited by the Secretary of State under Art. 12.14–12.15, Taxation General, V.A.T.S. Appellee, C. A. Nobles, asserts such liability under the provisions of Art. 12.14, Id,[1] which we quote:

> "Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation, which shall include all franchise taxes and penalties thereon which shall become due and payable

1.  This statute was amended in 1961 but the provision quoted here was unchanged.

subsequent to the date of such forfeiture, and which may be created or incurred, with his knowledge, approval and consent, within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporations were partners."

The pertinent facts are these:

On April 17, 1959, Heart o' Texas Supply Company was a Texas Corporation. On July 17, 1961, the right of this Corporation to do business in Texas was forfeited by the Secretary of State of Texas for failure to pay its franchise tax to the State. This right to do business was revived by the Secretary of State on March 12, 1962, under Art. 12.15, Id.

On September 29, 1961, and on November 4, 1961 during the time when the forfeiture referred to was extant, the Heart o' Texas Corporation, acting through appellant, borrowed from appellee a total of $10,000.00. This loan became due and payable during the period when the Corporation's right to do business was forfeited. Demand for payment was made during such period and default of payment then occurred except as to the sum of $650.00, which was paid. No other payments have been made.

There are three stockholders in the Heart o' Texas Corporation, appellant, who owns 50% of the stock, Eloise Sheffield who owns 49% and Linda Joyce Wall who owns 1%. Appellant is president of the Corporation; Eloise Sheffield is its secretary-treasurer; and Linda Joyce Wall is its vice-president.

Judgment, final in form, was rendered against appellant for the amount sued for and for foreclosure of an attachment lien on certain realty. Judgment was rendered that appellee do not recover of B. R. Sheffield, Sr., who was a party defendant.

Appellant's first point of error is that the Trial Court erred in rendering judgment for appellee and in not rendering judgment for him for the reason that the Heart o' Texas Corporation was not a party to this suit and that appellant if liable at all was only liable as surety.

We overrule this point upon the authority of the statute which appellee invokes and which we have copied. The liability fixed by the statute under facts present here is the liability of "partners." The relationship between partners is not that of principal and surety. The liability of partners is joint and several. All need not be sued. Lang v. Bass, 374 S.W.2d 900, Austin Civil Appeals, no writ history.

Appellant's second point is that the Trial Court erred in rendering judgment against him individually for a debt for which the corporation, and not he, was liable.

Under this point appellant expresses intense dissatisfaction with the statute invoked here and stresses its harshness and the equities inherent in its application. He also emphasizes that Arts. 12.14 and 12.15 are revenue statutes and not statutes regulating corporations.

We are aware of and have fully considered the effect of enforcing this statute under all circumstances and agree that it is highly penal in nature and one which could produce great hardship. There is, however, no suggestion that the statute is invalid. The provisions involved here have been before our Courts on two previous occasions and in neither of them has there been any indication that the statute should not be enforced according to its terms. Whitehead v. Bulkley, 37 S.W.2d 1112, Dallas Civil Appeals, Groce-Parrish Co. v. Yakey, 81 S.W.2d 273, San Antonio Civil Appeals, no writ histories.

Our duty is to enforce valid statutes as written. This we do by affirming the judgment of the Trial Court.

Affirmed.