**H. G. HICKS et al., Appellants,**

v.

**CONTINENTAL CARBON PAPER MANU-
FACTURING COMPANY OF
DALLAS, Appellee.**

**No. 4210.**

Court of Civil Appeals of Texas.

Waco.

June 18, 1964.

Rehearing Denied July 9, 1964.

Crocker & McDonald, Ft. Worth, for appellants.

James & Ingram, Dallas, for appellee.

TIREY, Justice.

This action (non jury) was brought by appellee against Rotary Business Forms Company of Texas, Inc., and Harvey M. Harrison, Toy A. Crocker, Harry G. Hicks, and D. W. Tackett, Jr., individually, and doing business as Rotary Business Forms Company of Texas, Inc. At the conclusion of the evidence the court rendered judgment in favor of plaintiff against defendants, Harvey M. Harrison, Toy A. Crocker and Harry G. Hicks, jointly and severally, for the sum of $4,000.00, with interest at the rate of 6% per annum from November 25, 1962, and for reasonable attorneys' fees in the sum of $890.00, and all costs. The court further decreed that plaintiff take nothing against defendant, D. W. Tackett, Jr., and that part of the decree is not challenged. Only Crocker and Hicks have appealed. The cause is here on transfer. We affirm the judgment of the trial court.

Defendants, Crocker and Hicks, have filed their request for findings of fact and conclusions of law. We quote the pertinent parts:

"FINDINGS OF FACT

"1. Rotary Business Forms Co. of Texas, Inc. was duly incorporated under the laws of the State of Texas on the 4th day of September, 1958. The right of the corporation to do business was forfeited on July 16, 1960, for nonpayment of franchise taxes, pursuant to Art. 12.14 V.A.T.S., this after due notice of the delinquency to the corporation pursuant to the terms of the above article. Some seven months later, to wit on March 29, 1961, no attempt having been made to revive the right of the corporation to do business, the charter of the corporation was actually forfeited by determination on the part of the Secretary of State, who stamped the charter 'Charter forfeited,' pursuant to terms of Art. 12.17 V.A.T.S.

"2. Subsequently and between the dates August 2, 1962, and October 24, 1962, plaintiff sold merchandise to defendant, on which there is a present balance due of $4,000.00. It is noted that this indebtedness accrued some year and a half after actual forfeiture of the charter.

"3. All of the defendants in this case at one time were both officers and directors of the corporation. Defendant D. W. Tackett, Jr., was not a director at the time the account in question accrued and no knowledge of accrual of such debt can be charged to him.

"4. With reference to the other three officers and directors, Harvey M. Harrison, Toy A. Crocker, and Harry G. Hicks, each was an officer and director at the time the account accrued and the weight of the evidence shows that each had actual knowledge of and approved of and consented to the creation of the debt.

"5. This suit was filed on November 28, 1962, and, in the suit, personal liability was sought to be fixed against the officers and directors of the defendant pursuant to the provisions of Art. 12.14 V.A.T.S. Therefore, on December 6, 1962, the defendants in this cause caused to be filed in the District Court of Travis County its so-called Bill of Review seeking to set aside the suspension of the corporation's right to do business and the forfeiture of its charter, and obtained an agreed judgment on December 19, 1962, providing that the forfeiture of the charter 'be and the same is hereby set aside, vacated, and held for naught' and that the charter should be reinstated and revived.

"CONCLUSIONS OF LAW

■ "1. The right of the corporation to do business was legally forfeited on July 16, 1960, for non-payment of franchise taxes pursuant to Art. 12.14 V.A.T.S.

■ "2. The charter of the corporation was legally forfeited by the Secretary of State with the concurrence of the Attorney General of Texas in accordance with Art. 12.17 V.A.T.S. on the 29th day of March, 1961, by entering upon the charter of such corporation filed in the office of the Secretary of State the words 'Charter forfeited.'

■ "3. The remedies provided under Art. 12.14 V.A.T.S. for reinstatement of the right to do business are no longer available after the charter has been forfeited under the provisions of Art. 12.17 V.A.T.S., Isbell v. Gulf Union Oil Co. [147 Tex. 6], 209 S.W.2d 762, Supreme Court (Rehearing denied).

"4. Art. 12.15 provides that a corporation whose right to do business has been forfeited may be relieved from such forfeiture by paying to the Secretary of State 'at any time prior to the forfeiture of the charter' the full amount of the franchise tax, penalties and interest. No provision is made under the provisions of Title 122A Taxation-General for the revival of a corporate charter once forfeited.

"5. Art. 12.14 V.A.T.S. creates in favor of creditors of the de facto corporation a cause of action against directors and officers of the corporation where those directors and officers have knowledge of and consent and approve the creation of the creditor's account:

" 'Each director and officer of any corporation whose right to do business within this state shall be so forfeited shall, as to any and all debts of such corporation * * * which shall become due and payable subsequent to the date of such forfeiture, *and which may be created or incurred, with his knowledge, approval and consent * * * and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if

such directors and officers of such corporations were partners.'

"6. Defendants Harvey M. Harrison, Toy A. Crocker, and Harry G. Hicks having been officers and directors of the de facto corporation and having had actual knowledge of plaintiff's debt and having consented to and approved of its creation are personally liable to the plaintiff to the same legal extent as if they were partners as is provided under the provisions of Art. 12.14 V.A.T.S.

"7. Defendant D. W. Tackett, Jr., not being a director or officer at the time the debt claimed by the plaintiff was created, no liability can be charged to him.

"8. A cause of action having been once created in favor of the creditor, against the officers and directors, as provided in Art. 12.14, it could not be taken away from the creditor by a revival of the corporate charter some two and a half years after the right of the corporation to do business had been forfeited. No such relief is afforded by the terms of Art. 12.17, and to hold that a cause of action once created could be taken away by revival of the corporate charter two and a half years later, would be to give retroactive effect to the judgment in the Bill of Review, if it can be said that such judgment did in fact revive the charter of the corporation.

"9. The plaintiff therefore should recover its debts in the amount of $4,000.00 from the defendants Harvey M. Harrison, Toy A. Crocker, and and Harry G. Hicks who are jointly and severally liable therefor."

The judgment is assailed on what appellants designate as six points. They are to the effect that the court erred in holding that:

1. The remedies provided under Art. 12.15 V.A.T.S., Tax.–Gen. for reinstatement and revival of right to do business and charter are no longer available after the charter has been forfeited under provisions of Art. 12.17;

2. A corporation charter once forfeited under provisions of Art. 12.17 without judicial ascertainment cannot be revived and reinstated;

3. A cause of action vested in favor of the appellee under Art. 12.14;

4. The officers and directors of the corporation were personally liable for debts created or incurred while the corporation charter was forfeited even though the charter and right to do business was thereafter revived and reinstated;

5. The appellant officers and directors of the corporation had actual knowledge of the debt and that they consented to and approved of its creation;

6. The appellant officers and directors of the corporation had actual knowledge, consented to and approved the debt because there was insufficient evidence to warrant such holding.

We have examined this record very carefully and we are of the view that the evidence is ample to support each and every finding made by the trial court. In fact, we are of the view that the findings of fact are supported by the great weight and preponderance of the testimony tendered, and that the conclusions of law made by the trial court are correct, and that they were correctly applied to the factual situation shown by findings of fact.

Accordingly, each of appellants' points is overruled and the judgment of the trial court is in all things affirmed.