Max **SILBERSTEIN** et al., Appellants,

v.

The **FIRST NATIONAL BANK OF BOSTON**, Appellee.

No. 11302.

Court of Civil Appeals of Texas.

Austin.

June 2, 1965.

Rehearing Denied June 23, 1965.

Cofer, Cofer & Hearne, John D. Cofer, Austin, for appellants.

Sneed & Vine, J. P. Darrouzet, Austin, for appellee.

PHILLIPS, Justice.

The plaintiff bank sued defendants Silberstein and Ginsburg under the provisions of Article 12.14, V.C.S. (General Taxation Code.) The suit sought to hold these defendants personally liable for a debt incurred by a corporation known as Saul's of Fort Worth, Inc., of which both defendants were officers and directors.

The pertinent parts of Article 12.14 are as follows:

" * * * Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation, which shall include all franchise taxes and penalties thereon which shall become due and payable subsequent to the date of such forfeiture, *and which may be created or incurred, with his knowledge, approval and consent,* within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporations were partners." (Italics added.)

The case was submitted to trial on a fact situation stipulated as follows: The debt sued on was created and incurred in 1960. The defendants (appellants here) were officers and directors of the corporation at the time the debt was incurred. The debt was charged to Saul's Inc., and was created and incurred by the manager of the corporation, one Resnick. Neither of the defendants personally created or incurred the account; and neither had any actual knowledge of the purchases until after the goods were delivered to the corporation in Fort Worth and checked and approved by the manager. Subsequently these invoices were sent by the manager to Ginsburg in Austin. Both defendants reside in Austin; at the time the debt was created and incurred, the right of the corporation to do business in Texas had been forfeited because of unpaid franchise taxes and penalties, and the right to do business had not been revived; neither of the defendants had any actual knowledge of the delinquent taxes and forfeiture at the time the debt was created and incurred as all the transactions with respect to the franchise taxes were handled by the corporation's auditor in Dallas.

■ The trial court held the defendants liable for the debt. We reverse the judgment of the trial court and render this case.

The appellee bank seeks to uphold the judgment of the trial court and cites this Court to its opinion in Sheffield v. Nobles, 378 S.W.2d 391, error refused; appellee also cites the opinion of the Waco Court of Civil Appeals in Hicks v. Continental Carbon Paper Manufacturing Company of Dallas, 380 S.W.2d 737, writ of error ref., n.r.e. in a per curiam opinion, Tex., 382 S.W.2d 910. Neither of these cases are in point as in each the officers and directors charged under Art. 12.14 had actual knowledge of the creation of the debt.

■ In the case at bar the debt had not been created and incurred with the knowledge, approval and consent of the defendants. When they learned of the debt it *had been* created. The creation of the debt

had become a fact and there is no escape from the theory that if defendants are liable here the act of their agent in creating the debt must be imputed to them. In Sheffield, above, this Court said: "We are aware of and have fully considered the effect of enforcing this statute under all circumstances and agree that it is highly penal in nature and one which could produce great hardship." Penal statutes are strictly construed, Schwab v. Schlumberger Well Surveying Corporation, 145 Tex. 379, 198 S.W.2d 79, 168 A.L.R. 1074, 1075.

The Schwab case cited above is controlling here. There certain directors and officers were sought to be held personally accountable for the debt of a corporation under then Art. 7091 from which present Article 12.14 was taken verbatim. The Court in refusing to hold the officers and directors liable under a fact situation not pertinent here, made the following observations concerning Art. 7091:

"* * * Such statutes, though held to be remedial in some instances, are also penal in nature, and it is generally held that they must be strictly construed and cannot be extended beyond the clear import of their language."

And:

"It will be noted that the statute involved fixes liability upon the directors and officers of a corporation only for debts 'created or incurred' after the forfeiture of the corporation's right to do business. The words 'created' and 'incurred', as used in the statute, have a clear and well defined meaning. The word 'create' means 'To bring into existence something which did not exist.' (Citing cases) The word 'incur' is defined in Ashe v. Youngst, 68 Tex. 123, 125, 3 S.W. 454, 455, as ' "Brought on," "occasioned," or "caused." ' "

And further:

"The cases holding the officers of a corporation liable under article 7091

were with respect to transactions arising subsequent to the forfeiture of the corporation's right to do business, and even then they are not liable unless the new indebtedness was incurred with their knowledge, approval and consent." (Citing cases.)

 Schwab states that the statute was meant to prevent wrongful acts of culpable officers of a corporation. The statute in question does not extend liability beyond the point of actual knowledge of the incurrence of the debt. Also see Groce-Parrish Co. v. Yakey, Tex.Civ.App., 81 S.W.2d 273.

We reverse the judgment of the trial court and render this case in that the plaintiff below take nothing by its suit.

Reversed and Rendered.