**FIRST NATIONAL BANK OF BOSTON,**
**Petitioner,**

v.

**Max SILBERSTEIN et al., Respondents.**

No. A–10914.

Supreme Court of Texas.

Feb. 2, 1966.

Sneed & Vine, J. P. Darrouzet, with above firm, Austin, for petitioner.

Cofer & Cofer, Austin, for respondents.

STEAKLEY, Justice.

This case involves the personal liability of officers and directors under Article 12.-14[1] for debts of a corporation after its right to do business has been forfeited by the State of Texas. Liability was adjudged against the Respondents by the trial court but this action was reversed by the Court of Civil Appeals. 391 S.W.2d 573. We hold, contrary to the views of the Court of Civil Appeals, that liability of Respondents was established.

The facts were stipulated. The corporation is known as Saul's of Fort Worth, Inc., of which Respondents were officers and directors at all relevant times. It operates a store in Fort Worth. The corporation became delinquent in payment of its franchise taxes to the State and on July 2, 1954, its right to do business was forfeited. On April 30, 1956, the corporate charter was forfeited. No payments have since been made to the State. The franchise tax matters were handled by one Joe Brooks, an auditor of Dallas, and Respondents did not have actual knowledge of the franchise tax delinquencies and the forfeiture of the right of the corporation to do business at the time the debts sued on were incurred.

During July, August and October of 1960, the corporation purchased merchandise for its Fort Worth store from Top-O-Mart, Inc., of the total value of $1,867.58. The account was thereafter assigned to Petitioner who later instituted this suit on the debt. The merchandise purchase transactions were personally handled by one Sherman Resnick, the manager of the Fort Worth store, and the invoices therefor were forwarded to Respondents in Austin after delivery of the merchandise to the store and checking and approval by Resnick. Re-spondents did not personally participate in the transactions in Fort Worth and hence did not have knowledge of Resnick's various purchases at the time they were made; they did, however, acquire knowledge of the debts when the approved invoices were sent to them and no contention is made that they did not at such time consent to and approve the debts thus created and incurred. We consider it also clear under the stipulated facts that Respondents knew that the manager of the Fort Worth store would incur obligations for merchandise in the regular course of business as he was authorized to do, and that knowledge of the specific purchases and the debts therefor would be brought to their attention by the approved invoices they would receive from their Fort Worth manager.

Article 12.14 provides:

"* * * Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation, which shall include all franchise taxes and penalties thereon which shall become due and payable subsequent to the date of such forfeiture, *and which may be created or incurred, with his knowledge, approval and consent,* within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporations were partners." (Italics added)

We first note in regard to the stipulated facts that the statute does not purport to require actual knowledge on the part of the officers and directors of the franchise tax delinquencies of the corporation and the forfeiture of its right to do business as a condition to personal liability

1. The reference is to Article 12.14 of Title 122A, Taxation-General, Vernon's Annotated Texas Statutes, Vol. 20A.

for subsequently incurred corporate debts. The statute takes for granted that officers and directors will know these facts or, in any event, does not make such knowledge a condition to liability. It is further clear under the statute that after a corporation no longer has the right to do business the personal liability of officers and directors for subsequently incurred corporate debts is limited to those debts of which they have knowledge and, with the opportunity afforded thereby, which they have consented to and approved. This does not mean that officers and directors are personally liable only for debts of the corporation which they personally create, or which are created in their presence, or of which they have contemporaneous knowledge. There is no implication in the wording of the statute that these circumstances are conditions to liability or that knowledge must co-exist in exact time with the purchase transaction giving rise to the debt. To the contrary, the reasonable construction of the statute to the facts at hand is that personal liability is determined by the acts of Respondents in consenting to and approving the debts of the corporation where knowledge of their creation is shown to have come to them in the regular course of the business of the corporation. This is neither imputed knowledge nor "vicarious" liability as Respondents suggest; it is liability which results from and is attributable to the acts of Respondents. They had only to disapprove and disavow the debts to avoid personal liability; but having consented to and approved the debts, they became personally liable therefor.

This construction of the statute was represented by our recent approval in such respects of the opinion of the Court of Civil Appeals in Hicks v. Continental Carbon Paper Mfg. Co. of Dallas, 380 S.W.2d 737 (1964), with a per curiam opinion relating to other matters, 302 S.W.2d 910. In Hicks there was a fact finding by the trial court that the officers and directors in question "each had actual knowledge of and approved of and consented to the creation of the debt." The conclusion of law of the trial court approved by the Court of Civil Appeals was that the officers and directors "having been officers and directors of the de facto corporation and having had actual knowledge of plaintiff's debt and having consented to and approved of its creation are personally liable to the plaintiff to the same legal extent as if they were partners * * *." It was clear to us from the record in the case that the findings of fact of the trial court and the holding of the Court of Civil Appeals were directed to a situation where the debts for which the officers and directors were held liable were incurred in the regular course of the business of the corporation. We did not regard the opinion of the Court of Civil Appeals as having been written in context of a fact situation where the officers and directors personally incurred the debt or had contemporaneous personal knowledge thereof since these were not the facts shown in the record.

Decisions under Article 12.14 or its predecessor statute prior to Hicks did not decide the question at hand. Schwab v. Schlumberger Well Surveying Corp., 145 Tex. 379, 198 S.W.2d 79, 168 A.L.R. 1074 (1946), was written in the context of a renewal note executed by officers of the corporation after the right of the corporation to do business had been forfeited. The holding was that the renewal of a prior existing obligation was not the creation or incurring of a debt within the purview of the statute and the officers should not be charged with statutory liability for recognizing a debt previously binding on the corporation. Sheffield v. Nobles, 378 S.W.2d 391 (Tex. Civ.App.1964, writ ref.), enforced the statute against an officer who himself created the debt. See also Whitehead v. Bulkley, 37 S.W.2d 1112 (Tex.Civ.App.1931, no writ hist.), Groce-Parrish Co. v. Yokey, 81 S.W. 2d 273 (Tex.Civ.App.1935, no writ hist.), held that the requirements of the statute were not met where there was no "suggestion" that the corporate officers had ever approved or consented to the incurring of

the account. Guerra v. Contreras, 52 S. W.2d 295 (Tex.Civ.App.1932, no writ hist.), was based on the undisputed proof that the debt sued on was created wholly without the knowledge, approval or consent of the officer who was sought to be held liable.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.