Serna v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-195-CV





CARLOS F. SERNA, JR.,


 

 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-9278, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING



 




 The question presented is whether a corporate officer should be held liable for
penalties imposed on the corporation, after its corporate privileges had been forfeited, for the
corporation's failure to plug its abandoned oil wells as required by law.



BACKGROUND


 Doer Energy Corporation (Doer), a Texas corporation, failed to file its initial
franchise tax report due in August 1987. Tex. Tax Code Ann. § 171.201(b) (West 1992) ("Tax
Code"). The Secretary of State initiated forfeiture proceedings; Doer forfeited its corporate
privileges on December 4, 1987, and forfeited its corporate charter on June 20, 1988. After the
forfeiture of corporate privileges, each director or officer becomes liable for certain debts of the
corporation:


If the corporate privileges of a corporation are forfeited for the failure to file a
report or pay a tax or penalty, each director or officer of the corporation is liable
for each debt of the corporation that is created or incurred in this state after the
date on which the report, tax, or penalty is due and before the corporate privileges
are revived. The liability includes liability for any tax or penalty imposed by this
chapter on the corporation that becomes due and payable after the date of the
forfeiture.



Tax Code § 171.255(a). Doer's corporate privileges were never revived.

 Doer incorporated for the ostensible purpose of taking control of the Askew lease
which contained pre-existing oil wells. The Railroad Commission granted Doer permission to
remove the seals covering four of these wells; at this time the corporation had not forfeited its
privileges. When the wells produced little oil, Doer abandoned them, uncapped. 

 Texas law requires that operators plug their wells, or otherwise place them in
compliance with Railroad Commission rules. Tex. Nat. Res. Code Ann. § 89.011 (West 1993)
("Natural Resources Code"). The Commission's rules require that operators commence plugging
within one year after drilling operations cease on dry or inactive wells. 16 Tex. Admin. Code
§ 3.14 (1988). The Railroad Commission has authority to impose a fine of up to $10,000 a day
against an operator who violates these requirements; each day of non-compliance constitutes a
separate violation. Natural Resources Code § 81.0531. On April 24, 1989, almost two years
after Doer failed to pay franchise taxes, the Railroad Commission ordered Doer to plug or
otherwise place its wells in compliance, and assessed a fine against Doer of three thousand
dollars.

 When Doer failed to plug its wells or pay this penalty, the State brought suit against
Doer and its two officers, Carlos F. Serna, Jr. and Gordon M. Bishop, Jr., seeking an injunction
to compel action to bring the wells into compliance, as well as administrative and civil penalties. 
The court, sitting without a jury, rendered final judgment against all three defendants, jointly and
severally, for administrative and civil penalties totalling twenty-one thousand dollars, plus legal
fees and costs. Only Serna appeals from this judgment. Serna first contends that the trial court
erred in holding the corporate officers liable for any of the debt. Alternatively, Serna contends
that even if the officers were liable for the administrative penalties, they should still be exempt
from civil penalties, costs, and fees. We will affirm the trial court's judgment.


DISCUSSION



 Although raised by points of error challenging the sufficiency of the evidence
supporting the trial court's judgment, Serna's complaint involves the proper construction of a
statute. "[M]atters of statutory construction are questions of law for the court to decide." 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989).

 In his first point of error, Serna argues that the trial court erroneously construed
Tax Code section 171.255(a) to impose liability on these corporate officers. In his second point
of error, Serna asserts that the statute should not be construed to impose liability for debt other
than the Railroad Commission's administrative penalty of three thousand dollars. Both points of
error turn on when these debts were incurred and the manner in which they were incurred. By
registering with the Railroad Commission as operator of the four Askew wells, Doer became
responsible for eventually plugging these wells. 16 Tex. Admin. Code § 3.14 (1988). Serna does
not deny Doer's responsibility. He argues that the timing and manner in which the administrative
penalties and legal penalties arose precludes his liability as a corporate officer.



No Specific Action Required After Forfeiture


 Serna claims that for an officer to be liable for a corporate debt, the officer must
take specific action creating that debt after the corporate privileges have been forfeited. Because
no officer or employee of Doer took any positive action, Serna claims that the Railroad
Commission and trial court, rather than Serna himself, created these debts. We believe this
assertion is based upon an improper application of prior statutes and a misinterpretation of the
present Tax Code.

 The Tax Code no longer requires that debts be knowingly and consensually created
for an officer to be held liable. See Tax Code § 171.255(a). Under a predecessor statute, an
officer was liable only if the debt was created or incurred with the officer's knowledge, approval,
and consent. First Nat'l Bank of Boston v. Silberstein, 398 S.W.2d 914, 915 (Tex. 1966). Even
under the former statute, positive action creating the debt was not required. Id. at 916.

 Serna understands the current Tax Code to require the officer to take some specific
action after the forfeiture of the corporate privileges to create or incur the debt. However, "incur"
has been defined as "brought on," "occasioned," or "caused." Schwab v. Schlumberger Well
Surveying Corp., 198 S.W.2d 79, 81 (Tex. 1946). This definition is broad enough to include
debts that have been "brought on" by an act of omission. Additionally, the requirement that the
debt be "created or incurred after the date on which the report, tax, or penalty is due," refers to
the timing of the liability rather than the timing of specific actions of the corporate officers. The
liability must be "created or incurred" after the forfeiture of corporate privileges. 

 The current Tax Code provides an affirmative defense to personal liability for any
officer who can show that the debt was incurred over the officer's objection, or without the
officer's knowledge, and that the officer could not have gained this knowledge through reasonable
diligence. Tax Code § 171.255(c). Serna did not raise this affirmative defense in the trial court,
and cannot now claim its protection.



"Relation Back" Doctrine Not Applicable


 Under Texas case law, contractual obligations entered into before the forfeiture of
corporate privileges do not impose liability on the officers or directors for payments that are due
after forfeiture. Schwab, 198 S.W.2d at 81; Rogers v. Adler, 696 S.W.2d 674, 676 (Tex.
App.--Dallas 1985, writ ref'd n.r.e.); Curry Auto Leasing, Inc. v. Byrd, 683 S.W.2d 109, 112
(Tex. App.--Dallas 1984, no writ). Even when the exact amount of future debt is unknown at the
time the parties enter into the contract, Texas case law holds that the entire debt was created at
the time the contract was signed. "When parties enter into a contract the law presumes they
intended the consequences of its performance. It follows that performance or implementation of
the contractual provisions relate back to and are authorized at the time of execution of the
contract." Curry Auto Leasing, 683 S.W.2d at 112 (citation omitted). This "relation back"
doctrine, however, only applies to contractual obligations.

 The debts incurred by Doer in this instance were caused by its failure to take
actions statutorily required and administratively ordered. Serna argues that these obligations
should "relate back" to the documents filed with the Railroad Commission which made Doer, as
the operator, responsible for eventually capping these wells. We decline to apply the "relation
back" doctrine applicable to contracts because these debts differ from contractual obligations in
two fundamental ways: (1) Doer had a continuing obligation to take affirmative action, and (2)
no debt existed until the agency filed suit to impose the fine.

 Doer and its officers had a continuing obligation to plug the wells: each passing day
created additional violations and additional fines. "Each day a violation continues may be
considered a separate violation for purposes of penalty assessments." Natural Resources Code
§ 81.0531(b). Thus, each day of non-compliance created a new corporate obligation. See Jonnet
v. State, No. 3-93-101-CV, slip op. at 6 (Tex. App.--Austin June 8, 1994, no writ h.). Doer's
officers are thus liable for each day of inaction after the loss of corporate privileges.

 Additionally, violation of the plugging regulation does not automatically create any
debt; a violator "may be assessed a civil penalty by the commission." Natural Resources Code
§ 81.0531(a) (emphasis added). The Railroad Commission must take administrative action to
impose a penalty. See Jonnet, No. 3-93-101-CV, slip op. at 5. Because this penalty is
permissive, it does not exist until assessed. Therefore, this corporate debt was "created" when
the Railroad Commission assessed the fine on April 24, 1989, after Doer's officers lost protection
of the corporate shield in August 1987.

 The purposes behind Tax Code section 171.255(a) support holding Serna liable for
Doer's continuing debts under these circumstances. "The inescapable conclusion is that this
statute was enacted solely for the purpose of raising revenue. The penalties imposed for failure
to pay the franchise tax are heavy, and were evidently provided to hasten payment and inflict
punishment on delinquent corporations." Wilburn v. State, 824 S.W.2d 755, 761 (Tex.
App.--Austin 1992, no writ). Holding officers liable for failing to act on a continuing obligation,
after the forfeiture of corporate privileges, inflicts a significant punishment on corporate officers
for neglecting an obligation to protect the environment by plugging oil wells and strongly
encourages timely payment of franchise taxes. We are mindful that section 171.255(a) must be
strictly construed and cannot be extended beyond its clear meaning. Wilburn, 824 S.W.2d at 760-61. Our decision in no way offends the clear mandate of the statute.

 The Texas Supreme Court has held the predecessor statute was "meant to prevent
wrongful acts of culpable officers of a corporation, and was for the protection of the public and
particularly those dealing with the corporation." Schwab, 198 S.W.2d at 81. When a corporation
neglects its continuing obligation to plug an oil well, the public may suffer severe environmental
harm. An officer's act of omission that allows an environmental contaminant to remain an open
threat to the environment day after day is a wrongful act that should result in individual liability. 
We overrule Serna's first point of error.

 The additional penalties, costs, and fees discussed in Serna's second point of error
were also valid. By failing to comply with the administrative order after the forfeiture, Doer's
officers exposed themselves to liability for the additional penalties created through an enforcement
action. We overrule Serna's second point of error.



CONCLUSION


 We conclude that the trial court properly construed the statute, and we therefore
affirm the judgment. 



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith 

Affirmed

Filed: June 8, 1994

Publish