Douglas SKREPNEK, Appellant,

v.

SHEARSON LEHMAN BROTHERS, INC., Appellee.

No. C14–93–01155–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1994.

Edward C. Sunday, Houston, for appellant.

Anne L. Sparks, Bradley M. Whalen, Teresa R. Jones, Houston, for appellee.

Before ROBERTSON, CANNON and LEE (sitting for DRAUGHN, J.), JJ.

## OPINION

LEE, Justice.

This is an appeal from a judgment awarding Shearson Lehman Brothers, Inc. (Shearson) $33,566.77 plus interest and attorneys' fees against Panterra Resources, Inc. (PRI), Ray Sandoval (Sandoval), and appellant, Douglas Skrepnek (Skrepnek). In two points of error, Skrepnek asserts that the evidence is insufficient to support the award. We affirm.

Thomas Saunders, a Shearson stockbroker, telephoned Michael Sprouse, PRI vice-president, to solicit business. Sprouse informed Saunders that Ray Sandoval handled PRI's investments and that Sandoval would return his call. Soon thereafter, Sandoval called Saunders and asked him to open an investment account for PRI with Shearson. Pursuant to Sandoval's instructions, Shearson later made two stock purchases for PRI. PRI failed to pay Shearson the stock purchase price or administrative fees. Lena Stinson, a Shearson administrative manager, telephoned Skrepnek, an officer of PRI, to collect the debt. He said PRI hoped to pay the obligation "soon" and further informed her that Sandoval was a PRI employee authorized to make investments for the company. When collection attempts failed, Shearson sold the stocks for a $33,566.77 loss.

Shearson obtained default judgments against PRI and Sandoval for breach of contract and fraud. Additionally, Shearson prevailed in a trial to the court against Skrepnek for fraud and personal liability under Texas Tax Code § 171.255.[1] In two points of error, Skrepnek contends that there was no evidence or insufficient evidence to support the finding of fraud or liability under the Texas Tax Code.

■ Trial court's findings have the same force and dignity as a jury's verdict on special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ ref'd n.r.e.). Those findings are reviewed according to the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Aerospatiale Helicopter Corp. v. Universal Health Serv., Inc.,* 778 S.W.2d 492, 498 (Tex. App.—Dallas 1989, writ denied), *cert. denied,* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 115 (1990).

When both legal and factual sufficiency points are raised we must first examine legal sufficiency points. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 410 (Tex.1981). In reviewing a "no evidence" or legal sufficiency point, we are to consider only the evidence and inferences that tend to support the trial court's findings and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex. 1988); *King v. Bauer,* 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative value to support the trial court's findings, we must uphold the findings and overrule the point of error. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ If the findings are supported by legally sufficient evidence, we must then review the factual sufficiency of the evidence by weighing and considering all the evidence, both in support of, and contrary to, the challenged findings. *Id.* The court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Corpus Christi Teachers Credit Union v. Hernandez,* 814 S.W.2d 195, 197 (Tex.App.–San Antonio 1991, no writ). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we may

---

1. Texas Tax Code § 171.255 provides that an officer is liable for corporate obligations that arise after the corporation forfeits its charter. Tex.Tax Code Ann. § 171.255 (Vernon 1992).

not substitute our judgment for that of the fact finder's simply because we may disagree with its findings. *Herbert v. Herbert,* 754 S.W.2d 141, 142 (Tex.1988); *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.). If the reviewing court sustains a factual sufficiency challenge, its only option is to reverse the judgment and remand for a new trial. The appellate court has no jurisdiction to reverse and render judgment for the appealing party based on a factual sufficiency point of error. *Wright Way Spraying Serv. v. Butler,* 690 S.W.2d 897, 898 (Tex.1985).

▆▆ Skrepnek contends there is no evidence or insufficient evidence to sustain the finding of fraud, and that Shearson failed to prove all the elements of fraud.[2] He does not specifically attack any of the court's findings. After review of the record, we have identified the following findings which relate to his first point of error (using the trial court's original numbers):

11. Sandoval represented to Shearson that PRI would pay to Shearson the purchase price of the securities purchased for PRI's account plus brokerage fees assessed by Shearson, and margin interest.

12. [Skrepnek], an officer of PRI, affirmed Sandoval's investment authority and PRI's obligation to Shearson to pay for the investment services.

13. The representations by PRI, Sandoval and Skrepnek were made intentionally or with reckless disregard for the truth.

14. When the representations were made to Shearson, PRI, Sandoval and Skrepnek intended that Shearson would rely on the representations.

15. Shearson relied on PRI, Sandoval, and Skrepnek's representations that PRI would pay Shearson for the securities purchased and services rendered by Shearson.

16. PRI did not pay Shearson for the securities purchased and services rendered by Shearson for PRI's account.

17. As a direct and proximate result of the fraudulent misrepresentations made by Sandoval, Skrepnek and PRI, Shearson has been damaged in the amount of $33,566.77.

Based on these findings of facts, the trial court concluded that PRI, Sandoval, and Skrepnek had committed fraud.[3]

In his brief, Skrepnek concedes that Sandoval committed fraud, but argues that he did not participate in the fraudulent activity. Because fraud can seldom be shown by direct proof, we may look to circumstantial evidence to determine if Skrepnek participated in the fraud. *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 435 (Tex.1986). If Skrepnek was a participant in the fraud, he is responsible for the acts of the other participants and liable for fraud. *Corpus Christi Teachers Credit Union,* 814 S.W.2d at 197; *Crisp v. Southwest Bancshares Leasing Co.,* 586 S.W.2d 610, 615 (Tex.Civ.App.–Amarillo 1979, writ ref'd n.r.e.).

At trial, Saunders, the Shearson stockbroker, testified that Sandoval held himself out to be a PRI employee. Saunders further testified that he made his initial connection with Sandoval through Sprouse, a PRI vice-president. Stinson, the Shearson administrative manager, testified that when she called Skrepnek to collect the debt, he told her that Sandoval was a PRI employee who had the authority to make investments for the company. Finally, a welfare fraud investigator testified that Skrepnek told him Sandoval was a PRI employee. Skrepnek represented himself *pro se* and called himself as the sole witness for the defense. His testimony was primarily a denial of Shearson's

**2.** The elements of fraud are: 1) a material representation was made; 2) the representation was false; 3) the speaker knew the representation was false or made the representation recklessly without any knowledge of the truth and as a positive assertion; 4) the speaker intended the representation to be acted upon; 5) the representation was relied upon; and 6) damage was incurred as a result. *T.O. Stanley Boot Co. v.*

*Bank of El Paso,* 847 S.W.2d 218, 222 (Tex. 1992).

**3.** The trial court's Conclusion of Law No. 3 reads: "PRI, Sandoval, and Skrepnek fraudulently misrepresented to Shearson that PRI would pay for the securities purchased and services rendered for PRI's account."

evidence. By failing to produce evidence or testimony of other PRI officers, we are to presume that such evidence or testimony would have been unfavorable. *Corpus Christi Teachers Credit Union v. Hernandez,* 814 S.W.2d 195, 198 (Tex.App.–San Antonio 1991, no writ). We find, on the record before us, that there is sufficient evidence of probative value to support the trial court's findings both legally and factually. Appellant's first point of error is overruled.

■ In his second point of error, Skrepnek contends there is no evidence or insufficient evidence to sustain the finding of liability under Texas Tax Code § 171.255. Initially, he asserts that an officer or director is not liable under § 171.255 unless the debt was incurred with his knowledge, approval, and consent, citing *Schwab v. Schlumberger Well Surveying Corp.,* 198 S.W.2d 79 (Tex.1946). To the contrary, Shearson argues actual knowledge is not required. Rather, Shearson asserts an officer or director is personally liable under § 171.255 for debts incurred in the regular course of business, citing *First National Bank of Boston v. Silberstein,* 398 S.W.2d 914 (Tex.1966). Both of the cited cases were decided under repealed statutes.[4] *See Schwab v. Schlumberger Well Surveying Corp.,* 198 S.W.2d 79 (Tex.1946); *First National Bank of Boston v. Silberstein,* 398 S.W.2d 914 (Tex.1966). Thus, to some extent, we are entering uncharted waters.

The requirements indicated by the supreme court in *Silberstein* are very similar to the provisions now codified in § 171.255. In *Silberstein* the court found that actual knowledge of a corporate debt was not required, but liability was created where "knowledge of their creation is shown to have come to them in the regular course of business." In order to avoid liability, the officer or director had to "disapprove and disavow the debts." *First Nat'l Bank of Boston v. Silberstein,* 398 S.W.2d 914, 915–916 (Tex.1966).[5] Finally, in *Silberstein,* the supreme court stated that *Schwab,* the case cited by Skrepnek, held that the *renewal* of a prior debt did not impose personal liability. That was not the question before the *Silberstein* court nor is that the question before this court. *Id.* Thus, Skrepnek's reliance on *Schwab* is misplaced.

Section 171.255 provides that if a corporation forfeits its charter because it failed to pay franchise taxes, each director or officer is liable for debts created or incurred during the forfeiture period. Tex.Tax Code Ann. § 171.255(a) (Vernon 1992).[6] However, § 171.255(c) contains a "safe harbor" provision which may protect an officer or director from individual liability:

> (c) A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:[7]

4. *Schwab* was decided based on Tex.Rev.Civ Stat. Ann. arts. 7091, 7096, *repealed,* Acts 1959, 56th Leg., 3rd C.S., p. 187, ch. 1 § 7. *Silberstein* was decided based on Tex.Rev.Civ.Stat.Ann. Tax.–Gen. arts. 12.14 § (3); 12.17 § (3), *repealed,* Acts 1981, 67th Leg., R.S., p. 1490, ch. 389 § 171.255.

5. *Silberstein* was decided under the predecessor statute, Tex.Rev.Civ.Stat.Ann. Tax.–Gen. art. 12.14, which in relevant part provided:
   Each director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corporation, which shall include all franchise taxes and penalties thereon which shall become due and payable subsequent to the date of such forfeiture, *and which may be created or incurred, with his knowledge, approval and consent,* within this State, after such forfeiture by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same

extent as if such directors and officers of such corporations were partners. (Italics added).

6. In relevant part, § 171.255 provides:
   (a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

7. Because the introductory phrase refers to both directors and officers while the subsections only refer to directors, it is unclear whether this provision affords an officer any protection. *See* Walter A. Schroeder, *Personal Liability of Officers and Directors for Debts of a Texas Corporation,* 25 Hous.Law., Nov.–Dec. 1987, at 18, 19–20. Because Skrepnek's contention fails regardless of his corporate position, we do not reach this question.

(1) over the director's objection;  or

(2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

In the instant case, Skrepnek complains of the sufficiency of the evidence to hold him liable under § 171.255.  He does not dispute that he was an officer of PRI or that PRI's charter was forfeited prior to the stock transactions.  In addition, as indicated above, there was evidence presented that Sandoval was a PRI employee authorized to make investments.  No evidence was presented that Skrepnek objected to the creation of the debt or that reasonable diligence would not have revealed the creation of the debt.  We find there is legally and factually sufficient evidence of probative value to support the trial court's finding.  Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.